FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Barbaro Martinez

#194163
Inmate (DOC) number

01 CV 217
A-N-1

(Enter above the full name of each plaintiff in this action.)

VERSUS

James M. LeBlanc (Warden)

James B. Felker (Asst. Warden of Sec.)

Dixon Correctional Institute, ET AL. Def.

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety

| INITIALS | DOCKET# |
| --- | --- |
| bp | 1 |

B. Complaint

and Corrections, only one service copy is needed.. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P. O. Box 2630, Baton Rouge, La. 70821.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
Plaintiff(s): Barbaro Martinez #194163

Defendant(s): James M. LeBlanc (Warden), Dixon Correctional Institute, ET AL., Defendant

2. Court (if federal court, name the district; if state court, name the parish): 19th Judicial District Court

3. Docket number: #468,678 Division N

4. Name of judge to whom case was assigned: ?

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

6. Date of filing lawsuit: 1-26-00

7. Date of disposition: —

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( ) No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

Place of present confinement: Dixon Correctional Institute

A. Is there a prisoner grievance procedure in this institution?

Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ( ✓ ) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. None given, A.R.P. screening officer claims None was ever filed, but I still have the carbon copy", Refiled (second A.R.P. Rejected # DCI-00-0174)

2. What steps did you take? Initially filed A.R.P. then I filed for INJUNCTIVE RELIEF AND TEMP. RESTRAINING ORDER.

3. What was the result? SUIT still pending, Original A.R.P. Institutional refuse to Acknowledge, (second A.R.P. filed Number # D.C.I-00-0174 "Third filed 9-27-00 Denied steps 1 & 3

D. If your answer is No, explain why not: ______

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) BARBARO MARTINEZ #194163

Address Dixon Correctional Institute P.O. Box 788, Jackson, LA. 70748

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

SEE ATTACHED SHEETS

B. Defendant [redacted]

is employed as [redacted]

at [redacted]

C. Additional Defendants: [redacted]

NEXT PAGE

III

Defendant(s) B.) James M. LeBlanc

employed as Warden (Head)

At Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

James M. LeBlanc is the head warden and is being sued in his official and individual capacities.

C.) James R. Felker

Assistant warden for security

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

James R. Felker is the asst. warden for security and is being sued in his official and individual capacities.

D.) Kenny Booty

Asst Warden Compound #2

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Kenny Booty is the ass. warden for compound two and is being sued in his official and individual capacities.

E.) Lane Thomas

Lt. Colonel (Compound two)

Dixon correctional Institution, P.O. Box 788, Jackson, LA. 70748

Lt. Col. Lane Thomas is and/or was the Lt. Colonel for Compound two and is being sued in his official and individual capacities.

F.) Jeff Travis

Lt. Colonel (Compound one)

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Lt. Colonel Jeff Travis was the Lt. Colonel for Compound #1 and is being sued in his official and individual capacities.

G.) Paul Payne

Major over Investigations

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Major Paul Payne is the Major over Investigations for Dixon and is being sued in his official and individual capacities.

H.) Mark Smith

Major of field operations

Dixon Correctional Institution, P.O Box 788, Jackson, LA. 70748

Major Mark Smith is the Major over field operations and is being sued in his official and individual capacities.

I.) Jeff McCoy

Captain Compound two

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Captain Jeff McCoy is a Captain on Compound #2 and is being sued in his official and individual capacities.

J.) Shannon Miller

Lieutenant compound two

Shannon Miller was a correctional Lieutenant on Compound two at the time of said incident and is being sued in his official and individuals capacities.

K.) Steve Smith

Lieutenant Compound one

Dixon Correctional Institution, P.O. Box 788, Jackson, LA 70748.

Lt. Smith is a correctional Lieutenant on compound One and is being sued in his official and Individual capacities.

L.) Dr. A Perego

Contracted Doctor at D.C.I.

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Dr. A. Perego is a contracted doctor at Dixon and is being sued in his official and individual capacities.

M.) Leslie Perkins

R.N.) Director-Infirmary

Dixon Correctional Institution, P.O. Box 788, Jackson, LA. 70748

Leslie Perkins is the Director for Dixon's Infirmary and is being sue in her official and Individual Capacities...

IV

STATEMENT OF CLAIM

1) On 12-0-00, I was called into Warden's Kenny Booty's office.

2) and was threatened to either cut my hair or be locked up!

3) Upon returning to the dorm, I filed the first of three Administrative Remedy Procedures (A.R.P.; Prison Grievance).

4) which the screening officer Connie Bowser claimed I never filed (I have the carbon copy and said response).

5) I was refused access to visit with my family, educational and/or self-help call-outs, medical and access to the law library, by security (all four shifts).

6) I refiled 1-[illegible]-00, it was rejected Jan. 31, 2000, Ms. Bowser claims that it was denied because of "time lapse" which I have a copy of said A.R.P. and it clearly shows it was submitted on time and someone tried to cover the date of entrance.

7) I filed for a Petition for injunction and temporary restraining order. It was ordered by the Commissioner that I be allowed to exhaust our prisoner grievance within its 90 day course, this was done sometime in April's

8) This order was violated by defendants (James M. LeBlanc, Et Al.) in sec. III

9) On 4-27-00, I was given a letter from warden James R. Felker (Asst. Warden of Security) threatening to use "physical force" if voluntary compliance was achieved.

10) I could not comply with said "Posted Policy" #1 "Grooming Standards because of my Religious beliefs of Sikhism, also Cultural heritage.

11) So on 4-27-00, I filed my third and final A.R.P. (Prison Grievance)

12) On 5-1-00 at approximately 7:00 a.m. I was confronted by Warden James M. LeBlanc, Asst. Warden Kenny Booty, Colonel Shane Thomas and Major John Bell.

(13) Warden Leblanc asked me, "are you going to cut your hair? if Not, we'll cut it for you!"

(14) I then stated, "No! I filed a Petition of restraining Order" (Injunctive Relief and temporary Restraining Order. and that the Commissioner clearly stated to allow us 90 days to exhaust our Remedies.

(15) I also stated that: that it was Not a statewide policie.

(16) Never was I given an alternative.

(17) That I was already on "Extended Lockdown", which here consist of (A) "one man cells. (B) I was out of Population. (C) that I'm constantly being searched (Shake down) by all four shifts, which I'm told to run my fingers through my hair. (D) Inmates Never come in contact with me because I'm escorted everywhere I go by security (Shower, Phone, infirmary, Visit, yard, callout, etc.)

(18) Warden Leblanc then stated, it's for your own good and safety of the institution What if you escape?

(19) I said, we were forced to take New computerize pictures (the entire institution) and with modern technology (Computer generation), you can add or delete anything (Making a person look older, baldheaded, clean shaving, etc...)

(20) Minutes within that hour, Col. Dane Thomas appeared in front my cell with a can of pepper spray and stated, "I'm giving you a verbal direct order to come to the trap to get a hair cut.

(21) I said, it's against my religion and cultural belief and I'm waiting on my answer to my prison grievence (A.R.P.).

(22) He (Col. Dane Thomas) said, I don't want to hear that shit! come to the fucking trap if you don't come to the trap, the Sheild (Capture Sheild) will be used on you, now come on!!!

(23) I said that this is illegal, you people (Security) can't do this! I have my rights to freedom of religion, to my culture to express myself and redress the government.

(24) If the courts says we have to cut our hair, then I will!

(25) At this time Major Paul Payne appeared with the capture shield.

(26) And Col. Lane Thomas sprayed me three times with the pepper spray and yelled for my cell to be opened.

(27) This cell entry was performed by: Major Paul Payne, (who entered first with the shield), Major Smith and Lt. Shannon Miller, also another Sergeant, I'm Not 100% sure but I think it was Sgt. Carpenter (a field sergeant), he had a short stick.

(28) With said force of four people behind it (Capture Shield), I was thus pinned against the cell wall.

(29) He (Major Paul Payne) shocked me no less than three (3) times before the capture shield collasped, cutting me (facial cuts, chest, arms and right leg).

(30) Lt. Shannon Miller reached around Major Paynes right hip and delivered two quick punches to my rib cage.

(31) As I began to fold to protect my ribs, Major Mark Smith reached over Major Payne left shoulder, grabbed a handful of my hair and continued to slam my head against the top bunk (which I was located between the toilet and bunk).

(32) I slid down the back wall and balled into the fetal position as *they continued to punch and kick me (*they being: Major Payne, Major Smith, Lt. Miller and the Sergeant

(33) I pleaded for them to stop (by screaming "In the Name of God! Please Stop!!) but to No avail.

(34) Someone stated, "So you fucking Rastas hate white people." I stated, I'm Not a Rastafarian, I practice Sikhism.

(35) By this time, I was lying on my stomach when I placed in Shackles, my arms were then twisted behind my back and I was handcuffed in this position

(36) I was then lifted off the floor by Lt. Miller, as I was escorted down the tier, he kep lifting on the handcuffs.

(37) I again pleaded with everyone present (See list of defendant all except Gov. Foster and Sec. Stalder).

(38) I was strapped in my chair by Master Sergeant Kilborne with my hands still twisted and cuffed behind me. I sat like this for well over 15 minutes while Lt. Steve Smith cut my hair.

(39) I was then stripped of my clothing, my cell cleared of my belonging and given a paper gown. Also the water was turned off in my cell.

(40) I was given a shower some 45 min after having my hair cut. Which said peppa gas had already seeped into my skin causing wells and irretation.

(41) I was seen by the prison doctor (A. Perego) who just looked at me and said "you're alright."

(42) I suffered bruised ribs, swollen wrist and ankles from said handcuffs and shackles, cuts and bruises that one could see with the naked eye.

(43) After said ordeal, I attempted to make routine sick-call for my aches and pai but was refused any and all medical care.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. I want to be compensated $10,000,000.00, for Mental anguish, pain & suffering. And naturally be able to practice my religion & culture. reimbursed my money(ies) for gas & shield, plus return of good-Time & filing fees.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 1 day of February, 2001.

Barlow Martinez #194163

D.C.I. P.O. Box 788

Jackson, LA. 70748

Signature of plaintiff(s)