To: Honorable Lawrence Talamo
Clerk of Court
United States District Court
Middle District of Louisiana
Post Office Box 2630
Baton Rouge, Louisiana 70821

FILED
U.S. DIST. COURT
MIDD[illegible] LA.
01 MAY 16 PM 4:30
BY DEPUTY CLERK

May 14, 2001

CV 01-217-A-M1

Re: Barbaro Martinez v. James M. LeBlanc, et al.

Dear Sir:

I recent received a copy of said ADMINISTRATIVE REMEDY PROCEDURE (No. D.C.I.-00-174), but sir as you can clearly see that A.R.P. was rejected. Which I stated to such as being my "second" of three A.R.P.s that were filed by me (see Pg #4, Sec. "C", No.# 1, and #3), in my 42 U.S.C. §1983. Which on page (4) four, section C, number (3) three, I have in Parenthasis that I filed the third time, "4-27-00 (DENIED ALL THREE STEPS)."

The A.R.P. in question that they/he (William L. Kline) the General Counsel should have enclosed is case Number: DCI-00-0679, accepted 5/23/00 (see attached sheets)

I'm very sorry for the inconvenience in this very delicate matter, I pray that this mishaps is quickly rectified. Again the appropriate ADMINISTRATIVE REMEDY PROCEDURE NO. is NO. D.C.I.-00-0679.

I remain...

Respectfully

Barbaro Martinez #1[illegible]

D.C.I., Compound #1, Dorm B.

P.O. Box 788

Jackson, LA. 70748

SCR

| INITIALS | DOCKET# |
| --- | --- |
| [illegible] | 8 |

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
CASE NUMBER :DCI-00-0673
OFFENDERS RELIEF REQUEST FORM

TO: JAMES R. FELKER — DCI
FIRST STEP RESPONDENT — LOCATION

FROM: MARTINEZ ,BARBARO 0194163 — EXTENDED LOCKDOWN
OFFENDERS NAME and NUMBER — LIVING UNIT

04/27/00
DATE OF INCIDENT

X ACCEPTED:This request comes to you from the Wardens Office.See the attached request from the offender.Please respond to the offender within 15 days of this date.

--- REJECTED:Your request has been rejected for the following reason(s)

05/23/00 — CONNIE BOWSER
Date — Wardens Signature or His Designee

SECOND STEP On 5/31/00 (date),I received a written response to my First Step request. I am not satisfied with this response because I'm not satisfied, My rights were clearly violated, a court order clearly rejected, I posed no threat being that I've been on Extended Lockdown since 1-31-00, out of population, This is an A.R.P., Not an Appeal.

Therefore,I am commencing the Second Step by sending a copy of this form(ARP-1),and a copy of the First Step response(ARP-2) to the unit head. This request must reach the unit heads office within 5 days of my receiving the First Step response.

5-31-00 — Barbaro Martinez
Date — Offenders Signature

THIRD STEP On 6-23-00 (date),I received a written response to my Second Step request. I am not satisfied with this response because I'm not satisfied, Never was a/e ever given any kind of alternative, I'm out of population (Extended Lockdown). There was no need to use physical force on me and cutting my hair! I had an injunction that was totally ignored, for no reason.

Therefore,I am commencing the Third Step by sending a copy of this form,and copies of my First and Second Step Responses to the Secretary of Corrections. This request must be sent within 5 days of my receiving the Second Step response.

6-23-00 — Barbaro Martinez
Date — Offenders Signature

*SEE COVER SHEET FOR FURTHER INSTRUCTIONS

**FORM ARP-2**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**NUMBER** DCI – 00 – 0679

# FIRST STEP RESPONSE FORM

Type or use ball-point pen. You must respond to the offender within 15 days of the date the Warden's Office initiated the request.

TO: Barbara Martinez 194163 — Ext. Lockdown
Offender's Name and Number — Living Unit

FROM: James Keller — Asst. Warden
Person to whom 1st Step is Directed — Title/Location

Response to Request Dated 4-27-00, Received by me 5-24-00:

Revisions to DCI Female Posted Policy #1 "Proper Dress and Grooming Standards" went into effect on Dec. 6, 1999. The exception being for Section II Grooming Standard A.1 and A.2 which will be effective Feb 6, 2000. Revisions to Section II: Grooming Standards, will be strictly enforced to suppress contraband, limit gang activity, maintain discipline and security, and to prevent inmates from quickly changing their appearance. This policy is reasonably related to the legitimate penological interests of security, allocation of resources, and health and safety. This policy is not meant to burden the free exercise of religion or culture, lose ones individuality or self esteem. DCI has established alternative means for the female population to exercise these rights. Therefore your allegations of religious deprivation are unfounded. Your appeal is denied.

5-30-00 — [signature]
Date — Signature

---

If you are not satisfied with this response, you may go to STEP 2 by filling out the second step section of Form ARP-1 and sending the pink copies of ARP-1 and ARP-2 to the Unit Head. It must be received in the Unit Head's office within 5 days of the date of this response.

**INSTRUCTIONS TO RESPONDENT:** Send original along with STEP 3 and STEP 2 copies to the inmate. Keep Respondent's copy.

**INSTRUCTIONS TO OFFENDER:** This original is for you to keep.

**OFFENDER'S ORIGINAL**

In Hines v. South Carolina Department of Corrections, the court ruled that South Carolina's policy requiring short hair and shaven faces does not violate the First Amendment's guarantee of the free exercise of religion. The court observed that the policy was not meant to burden the free exercise of religion but, rather, was implemented to help eliminate contraband, reduce gang activity, identify inmates, and maintain order. These interests are legitimate and the grooming policy logically serves them by preventing inmates from hiding contraband in long hair or dreadlocks, using beards or hairstyles as gang identifiers and altering their appearance with a quick shave and hair cut. The court also said that the inmates have alternative means of exercising their religious rights and that because long hair makes searches less effective and more time consuming, accommodating the inmates' religious practices may result in increased contraband, less safety for Correctional Security Officers and inmates and a need to hire additional Correctional Security Officers.

In light of the above precedents and because Inmate Posted Policy #1 is reasonably related to the previously described legitimate penological interests your request for administrative remedy is denied.

FORM ARP-4

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

NUMBER DCI - 00 - 0679

# THIRD STEP RESPONSE FORM

**(HEADQUARTERS)**

You must respond to the OFFENDER within 40 days of receipt of the appeal of the STEP 2 Response.

TO: Barbaro Martinez #194163 — DCI
Offender's Name and Number — Living Unit

Response to Request Dated 6/23/00, Received in this Office on 7/19/00:

Your request for a third step review of ARP #DCI–00-0679 has been received. You claim that it is a violation of your religious beliefs to cut your hair and the use of brute force to enforce the policy was illegal. You allege Dixon Correctional Institute's Posted Policy #1, Proper Dress and Grooming Standards, is an attempt to destroy the moral fibers of which defines who you are religiously. For relief you request respect for your culture and religion and that you be paid monetary damages.

Your First and Second level responses have adequately addressed your concerns. A thorough investigation was made into the alleged incident. The inmate population was put on notice by memorandum on 12/06/99 that the new grooming standards would be implemented on 2/06/00. You were notified on 4/27/00 that if you did not comply by 5/01/00 appropriate action would be taken. On 5/01/00 you still had not complied and refused to cooperate with security. At that time necessary force was used to extract you from the cell. Dixon Correctional Institute's Posted Policy # 1, Proper Dress and Grooming Standards, is not meant to be an infringement of your free exercise of religion or culture. Posted Policy #1, states that inmates will be permitted freedom in personal grooming as long as their appearance does not conflict with the institution's requirement for security, identification, safety and hygiene. These standards are to provide proper security to prevent the introduction, concealment, and trafficking within the institution of contraband, including drugs, to prevent a change of appearance both in prison and in the event of escape, and to promote good sanitation, health, and safety standards. Failure to comply with this policy will result in disciplinary action and, if necessary, physical action by staff to enforce it. You have failed to provide any evidence to substantiate your claims. As such, your request for relief is denied.

1/11/01 — [signature]
Date — Signature

***INSTRUCTIONS TO OFFENDER:** This original is for you to keep.*

*IF YOU ARE NOT SATISFIED WITH THIS RESPONSE, YOU MAY WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS DECISION, SEEK JUDICIAL REVIEW PURSUANT TO R.S. 15:1177.*

***OFFENDER'S ORIGINAL***

/05

COPY

0600 Ouine lapse of more than 30 days.

JACKSON, LOUISIANA

JAMES M. LEBLANC, WARDEN

RECEIVED BY JAN 24 2000 DEPUTY WARDEN'S OFFICE

**THIS IS A REQUEST FOR ADMINISTRATIVE REMEDY**

REJECTED JAN 31 2000 D.C.I.-WARDEN'S OFFICE ADMINISTRATIVE REMEDY PROCEDURE

| | | | |
|---|---|---|---|
| Barbara Martinez | | 12-22-99 | |
| INMATES NAME | | DATE OF INCIDENT | |
| 194163 | #3 | Compound II | |
| D.O.C. NUMBER | DORM | PLACE OF INCIDENT | |
| Kit. II (Baker) | | 12-22-99 To Present | |
| JOB ASSIGNMENT | | TIME OF INCIDENT | |

DCI-00-0174

DESCRIBE THE NATURE OF YOUR COMPLAINT - FACTS: WHO, WHAT, WHEN, WHERE, HOW

On the above date, I was notified that I could not go through the sally port, this being three days before the Christmas Holidays. Which means I couldn't see my family and friends. This also means that I'm being denied Medical treatment at the Infirmary, educational Programs (school, Toastmasters, Etc.) and assess to the law library. Security told me, if I didn't cut my hair I can't leave the compound. They are well aware that this is my religious practice, I am being discriminated against again. My family and friends have signed affidavits to where they did not come visit because of said threats of me being locked-up. And I have documented proof of discrimination of other inmates being allowed to visit, go to school, the Infirmary and to legal callouts. They too have Dread-locks and have signed sworn statements to said incidents concerning me. Security claims that they are imposing the old posted policy (#2), which they are not! The Old Posted Policy clearly states: Inmates leaving D.C.I. grounds (Trustees) inmates working outside crews, Baton Rouge crews, Wakefield and J.C.C.Y. and those inmates representing D.C.I. must have their hair cut to the bottom of the nape of their neck. To go to the Infirmary, school, gym/visit and law library does not consist of me leaving D.C.I. prison grounds.

RELIEF REQUESTED

That I be allowed access to visit, law library, infirmary and educational programs and the sum of $10,000.00

I AM REQUESTING THAT THIS FORM BE USED TO ENTER MY COMPLAINT INTO THE ADMINISTRATIVE REMEDY PROCEDURE.

ADDRESS TO: WARDEN'S OFFICE

| | | |
|---|---|---|
| Barbara Martinez | #194163 | #3 |
| INMATES NAME | D.O.C. NO. | DORM |

cc/bm